# EXHIBIT 2

## to Declaration of Stanley D. Saltzman

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREA HARRISON, an individual, on behalf of herself and all others similarly situated<br>　　　　　　Plaintiff,<br>　　v.<br>BANK OF AMERICA, N.A., a business entity, form unknown; and DOES 1 through 10, inclusive,<br>　　　　　　Defendants.<br><br>MIGUEL MENDOZA, individually, and on behalf of all others similarly situated<br>　　　　　　Plaintiff,<br>　　v.<br>BANK OF AMERICA CORPORATION, and DOES 1-100, inclusive,<br>　　　　　　Defendants.<br><br>KIARASH KAFFISHAHSAVAR, and KIMBERLY JACO on behalf of all others similarly situated<br>　　　　　　Plaintiffs,<br>　　v.<br>BANK OF AMERICA, N.A., a business entity, form unknown,<br>　　　　　　Defendants. | CASE NOS.　3:19-cv-00316-LB<br>　　　　　　　3:19-cv-02491-LB<br>　　　　　　　4:20-cv-02119-YGR<br>*[Assigned to Hon. Laurel Beeler]*<br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER GRANTING UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:　　　May 27, 2021<br>Time:　　　9:30 a.m.<br>Courtroom: B, 15th Floor |

Plaintiffs ANDREA HARRISON, KIARASH KAFFISHAHSAVAR, KIMBERLY JACO and MIGUEL MENDOZA's ("Plaintiffs") Unopposed Motion for Preliminary Approval of Class Action Settlement came before this Court on May 27, 2021, at 9:30 a.m. The Court, having considered the proposed Stipulation for Leave to File Consolidated Complaint and for Settlement and Release of Class and Representative Action Claims ("Settlement Agreement" or "Settlement"), Plaintiffs' Motion for Preliminary Approval, and all papers filed in support, **HEREBY ORDERS THE FOLLOWING:**

1. The Court grants preliminary approval of the Settlement and preliminarily finds that: (1) the Settlement is fair and reasonable to the Class when balanced against the possible risks of further litigation, including issues relating to class certification, liability, calculating damages, and potential appeals; (2) significant investigation, research, and litigation have been conducted, such that the Parties are able to fairly evaluate their respective positions; (3) settlement at this time will avoid the substantial cost, delay and risk presented by further litigation of the action; and (4) the Settlement was reached after serious, informed, and non-collusive negotiations, which were conducted at arms'-length by experienced counsel with the assistance of a reputable mediator.

2. The Court also finds on a preliminary basis that the proposed award of attorneys' fees, litigation costs, and Class Representatives' Enhancement Awards falls within the "range of reasonableness."

3. This Order incorporates by reference the definitions in the Settlement Agreement as though fully set forth herein, and all terms used herein shall have the same meaning as set forth in the Settlement Agreement.

4. For purposes of this Settlement, Plaintiffs are ordered to file the Consolidated Class and Representative Action Complaint attached to the Settlement Agreement as **Exhibit A (**the "Consolidated Complaint") in the action with the lowest case number. Defendant will be deemed to have generally denied the allegations of the Consolidated Complaint without the need to file and serve an Answer thereto. Should, for whatever reason, the settlement set forth in this Settlement Agreement not become final, the Consolidated Complaint shall be deemed stricken without further order of the Court.

5. The Court conditionally certifies and approves, for settlement purposes only, the following Settlement Classes as set forth in the Settlement Agreement:

> All Defendant's current and former non-exempt employees that fall within at least one of the following classes:
>
> a. Employees working or who worked in the State of California for Defendant as a "Teller" (meaning Job Codes RT600 – FC Client Service Rep and RT601 – Market Client Service Repo) on or after October 26, 2014, through the date of preliminary approval of the settlement by the Court (the "Harrison Class");
> b. Employees working or who worked in the State of California for Defendant as a "Financial Center Operations Manager" or a "Financial Center Assistant Manager" (meaning Job Codes RM019 – Assistant Manager-FCC and RM038 – Financial Center Assistant Manager) on or after March 25, 2015, through the date of preliminary approval of the settlement by the Court (the "Mendoza Class");
> c. Employees working or who worked in the State of California for Defendant as a Personal Banker (Job Code RS600), Senior Personal Banker (Job Code RS601), Relationship Manager (Job Code BQ055), Relationship Manager and Lending Specialist (Job Code BQ22), Sales and Service Specialist (Job Code RS860), Relationship Banker (Job Code RS861), or a Relationship Banker – Hybrid (Job Code RS862) on or after March 27, 2016, through the date of preliminary approval of the settlement by the Court (the "Kaffishahsavar Class").

6. The Settlement Classes expressly exclude therefrom any individuals who, as of the date of final approval, have filed a pending, separate lawsuit, individually and/or as a putative class or representative action, asserting the same claims to those alleged in the Lawsuits, including but not limited to the certified claims in *Frausto v. Bank of America, N.A.*, Case No. 3:18-cv-01983-LB and *Suarez v. Bank of America, N.A.*, Case No. 3:18-cv-01202-LB, as set forth in Dkt. #128 of Case No. 3:18-cv-01983-LB. The Settlement Classes also exclude any former employee of Defendant who has previously released such claims. With respect to any current employee who has previously released such claims, any time period covered by each such employee's release agreement shall be excluded from the calculation of any settlement sum payable under this Agreement.

7. The Settlement Classes include all Class Members other than those who exclude themselves by timely submitting a valid Request for Exclusion in accordance with the requirements set forth in the Class Notice and Settlement Agreement.

8. For the purposes of this Settlement, The Markham Law Firm, Quintilone and Associates, and Marlin & Saltzman LLP ("Class Counsel") are hereby preliminarily appointed as Class Counsel and shall represent the Settlement Class Members in these Lawsuits. Any Settlement Class Member may enter an appearance in the Lawsuits, at their own expense, either individually or through counsel of their own choice. However, if they do not enter an appearance, they will be represented by

1  Class Counsel.

2      9.    For the purposes of this Settlement, Plaintiffs Andrea Harrison, Miguel Mendoza, Kiarash Kaffishahsavar and Kimberly Jaco are hereby preliminarily appointed as the Class Representatives.

    10.    The Court confirms Simpluris as the Settlement Administrator and preliminarily approves that Settlement administrative costs shall be paid in accordance with the Settlement Agreement and deducted from the Gross Settlement Fund. The cost of administration includes all tasks required of the Settlement Administrator by this Agreement, including the issuance of the Notice of Class Action Settlement (the "Class Notice"), which is attached as **Exhibit B** to the Settlement Agreement. Simpluris is directed to perform all other responsibilities set forth for the Settlement Administrator as set forth in the Settlement Agreement.

    11.    A Final Fairness and Approval Hearing (the "Hearing") shall be held on _____ at _____ before the Honorable Laurel Beeler in Courtroom B, 15th Floor of the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102. The purpose of such Hearing will be to: (a) determine whether the proposed Settlement should be finally approved by the Court as fair, reasonable and adequate; (b) determine the reasonableness of Class Counsel's request for attorneys' fees and costs; (c) determine the reasonableness of the Class Representative Enhancement Awards requested for the Class Representatives; and (d) order entry of Judgment in the Class Action, which shall constitute a complete release and bar with respect the Released Claims described in paragraph 43 of the Settlement Agreement.

    12.    The Court hereby approves, as to form and content, the Class Notice attached as **Exhibit B** to the Settlement Agreement. The Court finds the dates and procedure for mailing and distributing the Class Notice in the manner set forth in the Settlement Agreement meets the requirements of due process and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

/ / /

/ / /

13. The Court directs the mailing of the Court approved Class Notice via U.S. First Class mail to the Settlement Class Members in accordance with the schedule and procedures set forth in the Settlement.

    a. Within thirty (30) calendar days of the entry of this Order, Defendant will provide the Settlement Administrator a Class List, containing the following most up to date information about each Settlement Class Member in an electronic format:

        i. Full name;

        ii. Most current home or mailing address and phone number as reflected in Defendant's personnel records;

        iii. Social Security Number;

        iv. hire dates of record with Defendant, and termination dates of record if applicable; and

        v. the number of Base Workweeks each Settlement Class Member worked as an employee of Defendant in each of the Classes in California during the applicable Class Period.

    b. The Settlement Administrator shall mail to Class Members' last known address the Class Notice within ten (10) calendar days after the Settlement Administrator receives the Class List from Defendant. If a mailing is returned as undeliverable to a Class Member, then the Settlement Administrator will use reasonable efforts, as set forth in the Settlement, to obtain a valid current address for that Settlement Class member, and shall send, by first-class mail, a second copy of the mailing to the Class Member.

14. Class Members may request exclusion from the Settlement Class by submitting a Request for Exclusion as set forth in the Settlement Agreement. In order to be valid, the Request for Exclusion must be postmarked no later than forty-five (45) days after the date the Class Notice was first mailed. This date is extended by fourteen (14) calendar days if the notice is returned as undeliverable and skip trace procedures are performed as provided by the Settlement Agreement. Any Settlement Class Member who submits a valid and timely Request for Exclusion will not be entitled to any recovery under the Settlement and will not be bound by the Settlement or have any right to object,

appeal or comment thereon.  Settlement Class Members who fail to submit valid and timely Request for Exclusion shall remain Settlement Class Members and shall be bound by all terms of the Settlement and any Final Judgment.

15. Settlement Class Members who do not submit a Request for Exclusion may object to the Settlement and appear at the Final Fairness and Approval Hearing to show cause why the proposed Settlement should not be approved, Judgment in the Class Action should not be entered, and to present any opposition to the application of Class Counsel for attorneys' fees, costs and expenses, or the Class Representatives' Enhancement Awards.  In order to object to the proposed Settlement, the Class Member must postmark a written objection via U.S. mail, and provide: (i) the full name and signature of the objecting Settlement Class Member; (ii) clearly identify the case name and case number (e.g., *Andrea Harrison, et al. v. Bank of America, N.A.*, Case Number 3:19-cv-00316-LB); (iii) be submitted to the Court either by mailing the objection to the Class Action Clerk, United States District Court for the Northern District of California, San Francisco Courthouse, located at 450 Golden Gate Avenue, San Francisco, California 94102, or by filing the objection in person at any location of the United States District Court for the Northern District of California no later than forty-five (45) days after the date the Class Notice was first mailed; (iv) in clear and concise terms, a statement of the reasons why the objector believes that the Court should find that the proposed Settlement is not in the best interest of the Class and the reasons why the Settlement should not be approved, including the legal and factual arguments supporting the objection; and (v) whether the objecting Settlement Class Member is represented by counsel, and identify any such counsel. This date is extended by fourteen (14) calendar days if the notice is returned as undeliverable and skip trace procedures are performed as provided by the Settlement Agreement.  The objecting party may also appear personally or through counsel at the Final Approval Hearing, whether or not the objecting party had submitted a written objection, but no appearance is required for an objection to be considered by the Court.  Any Settlement Class Member who does not make his or her objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement Agreement or to the award of attorneys' fees and costs and expenses to Class Counsel and/or the Enhancement Award to the Class Representatives unless

otherwise ordered by the Court. Plaintiffs and/or Defendant may file oppositions to any properly filed objections at least ten (10) court days before the date of the Final Fairness and Approval Hearing.

16. The Court hereby preliminarily approves the definition and disposition of the Gross Settlement Fund as that term is defined in the Settlement Agreement. The Court preliminarily approves the distribution of the Gross Settlement Fund, all subject to the Court's final approval of the Settlement at the Final Fairness and Approval Hearing. Assuming the Settlement receives final approval, Defendant shall be required to pay only the Gross Settlement Fund in the total amount of $11,500,000.00, including the employee-side and employer-side payroll taxes, which shall be paid from the Net Settlement Fund and Gross Settlement Fund, respectively.

17. Upon entry of Judgment by the Court in accordance with the Settlement Agreement, the Settlement Class Members shall fully and finally release and discharge the Released Parties from the claims released in the Settlement, as provided in Settlement Agreement.

18. In addition to the releases made by the Settlement Class Members described in Settlement Agreement, upon entry of Judgment by the Court in accordance with the Settlement Agreement, the Class Representatives will, as of the Effective Date, be deemed to have given the General Release of Plaintiffs' Claims, set forth in the Settlement, including waiver of all rights under Section 1542 of the California Civil Code.

19. The following dates shall govern for the purpose of this Settlement.

| Schedule for Execution of Settlement | |
|---|---|
| No later than thirty (30) calendar days after the entry of this Order [by _____, 2021] | Last day for Defendant to provide Class List to Claims Administrator. |
| No more than ten (10) calendar days after Settlement Administrator receives class information [by _____, 2021] | Last day for Settlement Administrator to mail Class Notice to Settlement Class Members. |
| No more than forty-five (45) days after mailing of Class Notice [on or before _____, 2021, unless extended by re-mailing] | Last day to object to or opt out of the Settlement. |
| No later than 35 days before the time period for Settlement Class Members to object to the Settlement expires [by _____, 2021] | Last day to file papers in support of any application for reimbursement of attorneys' fees and expenses, and Class Representatives' Enhancement Awards, |

6
[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL

| No later than 35 days before the Final Fairness and Approval Hearing (L.R. 7-2) [by _____, 2021] | Last day to file papers in support of the final approval of the Settlement |
|---|---|
| No later than ten (10) court days before the Final Fairness and Approval Hearing [by _____ 2021]. | Last day for Plaintiffs' counsel and/or Defendant's counsel to file an objection to any properly filed objection to the settlement by a Settlement Class Member. |
| _____, 2021 at _____ | Final Fairness and Approval Hearing. |

20. The Court reserves the right to adjourn the date of the Hearing without further notice to the Settlement Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

21. In the event: (i) the Court does not finally approve the Settlement as contemplated by the Settlement Agreement; (ii) the Court does not enter a Final Approval Order as contemplated by the Settlement Agreement, which becomes final as a result of the occurrence of the Effective Date (as that term is defined by in the Settlement); (iii) Plaintiffs or Defendant elect to void the Settlement as provided under the terms of the Settlement Agreement; or (iv) the Settlement does not become final for any other reason, the Settlement and related Class shall be null and void and any order or judgment entered by this Court in furtherance of the Settlement shall be deemed as void from the beginning. In such a case, the Parties and any funds to be awarded under this Settlement shall be returned to their respective statuses as of the date and time immediately prior to the execution of the Settlement, and the Parties shall proceed in all respects as if the Settlement Agreement had not been executed.

22. If, for any reason, the Settlement Agreement is not finally approved or does not become effective, this Order Granting Preliminary Approval shall be deemed vacated and shall have no force or effect whatsoever, and the Action shall proceed as if no settlement had been attempted.

**IT IS SO ORDERED.**

DATED: _____

                                                       _____
                                                       Laurel Beeler
                                                       United States District Magistrate Judge